USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/5/22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

ALEXANDER CHAN,

Defendant.

- - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER OF FORFEITURE/ MONEY JUDGMENT

S15 20 Cr. 160 (MKV)

WHEREAS, on or about December 5, 2022, ALEXANDER CHAN (the "Defendant") was charged in a one-count Superseding Information (the "Information"), with misbranding and adulteration of drugs in interstate commerce, in violation of Title 21, United States Code, Sections 331 and 333;

WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 334, of any and all drugs that were adulterated or misbranded after travel in interstate commerce or while held for sale (whether or not the first sale) after shipment in interstate commerce, or which may not, under the provisions of Sections 331(ll), 344, or 355 of this title, have been introduced into interstate commerce, including but not limited to a sum of money in United States currency representing the value of such property (the "Forfeitable Property");

WHEREAS, on or about December 5, 2022, the Defendant pled guilty to Count One of the Information, pursuant to a plea

agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit to the United States, pursuant to Title 21, United States Code, Sections 334 and 853, and Title 28, United States Code, Section 2461(c), a sum of money equal to $311,760 in United States currency representing the value of the Forfeitable Property;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $311,760 in United States currency representing the value of Forfeitable Property for which the Defendant is jointly and severally liable with co-defendant Kristian Rhein;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the Forfeitable Property cannot be located upon the exercise of due diligence;

WHEREAS, on or about August 3, 2021, a Consent Preliminary Order of Forfeiture/Money Judgment was entered imposing a forfeiture money judgment against co-defendant Kristian Rhein in the amount of $1,021,800 (the "Rhein Money Judgment");

WHEREAS, co-defendant Kristian Rhein made a payment of $671,600 towards that satisfaction of the Rhein Money Judgment (the "Rhein Payment"); and

WHEREAS, $350,000 of the Rhein Money Judgment remains outstanding;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney DAMIAN WILLIAMS, United States Attorney, Assistant United States Attorney Sarah Mortazavi, of counsel, and the Defendant, and his counsel, Neil Kelly, Esq., that:

1. As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, the Money Judgment in the amount of $311,760 in United States currency (the "Money Judgment"), representing the value of the Forfeitable Property that the Defendant personally obtained, for which the Defendant is jointly and severally liable with co-defendant Kristian Rhein, shall be entered against the Defendant.

2. The Money Judgment shall not be deemed to be satisfied in full until: (A) the Rhein Money Judgment is fully satisfied by Rhein pursuant to the terms of the Rhein Money Judgment, or (B) the Defendant remits payment of $50,000 to the United States within or by the expiration of five years following the latter of i) the date of the Defendant's sentencing in this matter or ii) his release from any term of incarceration imposed in this matter (the "Payment Deadline"). In the event the Money Judgment is not satisfied as described above, the entire Money

Judgment of $311,760 shall be due and owing and nothing in the foregoing shall limit the United States' ability to proceed against any assets of the Defendant to satisfy the Money Judgment, pursuant to Title 21, United States Code, Section 853(p). No interest shall accrue on any portion of the Money Judgment prior to the Payment Period.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, shall be deemed part of the sentence of the Defendant and will be included in the judgment of conviction therewith.

4. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[Continued]

5. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: /s/ Sarah Mortazavi 11/28/22
SARAH MORTAZAVI DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007

By: /s/Alexander Chan/NPK November 29, 2022
ALEXANDER CHAN DATE

By: [signature] November 29, 2022
NEIL KELLY, ESQ. DATE
Attorney for Defendant

SO ORDERED:

[signature] 12/5/22
HONORABLE MARY KAY VYSKOCIL DATE
UNITED STATES DISTRICT JUDGE