UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/6/2024

UNITED STATES OF AMERICA,

                Plaintiff,

-against-

ALEXANDER CHAN,

                Defendant.

1:20-cr-160-15 (MKV)

**ORDER DENYING MOTION FOR SENTENCE REDUCTION**

MARY KAY VYSKOCIL, United States District Judge:

    On May 24, 2023, the defendant was sentenced principally to a term of 30 months of imprisonment for his conviction, following a guilty plea, for drug adulteration and misbranding with intent to defraud in violation of 21 U.S.C. §§ 331, 333(a)(2) [ECF No. 1099]. Put simply, the defendant was a licensed veterinarian who participated in a years-long scheme to administer adulterated and misbranded performance enhancing drugs to racehorses in an effort to push the horses past their natural abilities to win races and, thereby, earn money. Participants in the scheme took steps to defraud race regulators, drug regulators, Customs and Border Protection, and, in some cases, the horses' owners.

    When the Court imposed sentence, the defendant's Guidelines Sentence was 36 months of imprisonment. Specifically, under the Sentencing Guidelines at that time, the defendant's offense level was 27 and he was in criminal history category I. The Guidelines range would have been 70 to 87 months of imprisonment, but the statutory maximum sentence was 36 months. As such, the Guidelines Sentence was 36 months. The Bureau of Prisons currently projects that the defendant will be released from prison on August 26, 2025.

    The defendant thereafter filed a *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines [ECF No. 1198]. Effective

1

November 1, 2023, in its Amendment 821, the United States Sentencing Commission amended the United States Sentencing Guidelines Manual. As relevant here, Part B amends Guideline § 4C1.1, by providing a 2-level offense level reduction for offenders with zero criminal history points who meet specified eligibility criteria. The Sentencing Commission made these amendments retroactive.

The government filed a letter in opposition, arguing that the defendant is ineligible for any sentence reduction [ECF No. 1234]. The defendant filed a submission in further support of his request [ECF No. 1243].

A defendant is eligible for a potential sentence reduction if (1) as a result of Amendment 821, the defendant's amended Guidelines range is lower than the range applied at his sentencing, and (2) the defendant did not already receive a sentence lower than the amended Guidelines range. *See, e.g.*, *United States v. Sardarova*, No. 20-cr-681 (JPC), 2024 WL 259775, at *1 (S.D.N.Y. Jan. 12, 2024); *United States v. Pena Fernandez*, No. 22-cr-283 (NRB), 2024 WL 295352, at *1 (S.D.N.Y. Jan. 25, 2024); *United States v. Rahmankulov*, No. 20-cr-653 (RA), 2024 WL 295341, at *1 (S.D.N.Y. Jan. 25, 2024).

The Court has carefully considered the record in this case and the submissions on this motion. The Court concludes that the defendant is ineligible for a sentence reduction pursuant to Amendment 821. In particular, (1) the defendant's amended Guidelines sentence is no lower than the original Guidelines sentence, and (2) the defendant already received a sentence below the amended Guidelines Sentence.

Applying the 2-level reduction to his offense level, the defendant's offense level is 25. An offense level of 25 and a criminal history category of I would produce a Guidelines range of 57 to 71 months of imprisonment, but the statutory maximum sentence is 36 months. Thus, applying

U.S.S.G. § 5G1.1(a), the amended Guidelines Sentence is 36 months of imprisonment.  As such, the amended Guidelines Sentence is the same as the original Guidelines.  Moreover, the Court imposed a sentence of 30 months, which is below the amended Guidelines Sentence.  *See Pena Fernandez*, 2024 WL 295352, at *1; *Rahmankulov*, 2024 WL 295341, at *1.

Accordingly, the defendant's motion for a sentence reduction pursuant to Amendment 821 [ECF No. 1198, 1234] is DENIED.

**SO ORDERED.**

**Dated: June 6, 2024**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**